**FILED
IN CLERK'S OFFICE
US DISTRICT COURT
E.D.N.Y.
\* JUNE 11, 2025 \*
BROOKLYN OFFICE**

TH:AP/LAB/KRA
F.#2023R00530

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA

- against -

FELIX BONILLA RAMOS,
    also known as "Chabelo" and
    "Ferras,"
REFUGIO MARTINEZ,
    also known as "Cuco,"
MARGARITO ORTEGA,
    also known as "Pinocchio,"
ORLANDO RAMIREZ,
    also known as "Niñote,"
GERMAN RODRIGUEZ,
    also known as "Loco,"
DAVID VASQUEZ CORONA,
    also known as "Teba,"
MARCO VIDAL MENDEZ,
    also known as "Matute,"
[REDACTED]
URIEL LOPEZ,
    also known as "Tanke,"

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____**25-CR-196**_____
(T. 18, U.S.C., §§ 922(g)(5)(A), 924(d)(1),
1959(a)(3), 1962(d), 1963, 1963(a), 1963(m),
2, and 3551 et seq.; T. 21, U.S.C., §§ 853(a)
and 853(p); T. 28, U.S.C., § 2461(c))

**Judge Orelia E. Merchant
Magistrate Judge Robert M. Levy**

THE GRAND JURY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

At all times relevant to this Indictment, unless otherwise indicated:

<u>The Enterprise</u>

    1.    The 18th Street gang was a violent street gang with members located in Queens, New York and elsewhere, that was divided into local chapters, or "canchas." Members of 18th Street were required to abide by the gang's rules, including by engaging in criminal

activity to benefit 18th Street. 18th Street collected money from members, some of which was transferred to other members who were incarcerated in the United States, and elsewhere. Members of 18th Street sometimes signified their membership with the colors blue, white, and black and with graffiti, hand signals and tattoos reading, among other things, "18," "XV3" and "TLS."

2. Members and associates of 18th Street engaged in acts of violence, including acts involving murder and assault, as well as narcotics and firearms trafficking, production of fraudulent identification documents, sale of counterfeit currency, extortion and other criminal activity. Members and associates committed acts of violence and engaged in narcotics trafficking and other criminal activity in order to increase and maintain the power and financial position of the gang. Participation in criminal activity by a member or associate, especially violence directed at rival gang members or at 18th Street members or associates believed to have violated the gang's rules, increased the prestige of a member or associate.

3. 18th Street maintained control over its members and associates by giving them a "calentón," or an 18-second beating, when they violated the gang's rules. 18th Street members were directed to kill members and associates of the gang perceived to have violated the gang's rules in a significant respect, including those suspected of cooperating with law enforcement.

4. 18th Street, including its leaders, members, and associates, constituted an "enterprise" as defined by Title 18, United States Code, Sections 1961(4) and 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce ("the 18th Street Enterprise" or the "Enterprise"). The

Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

### Purposes of the Enterprise

5. The purposes of the Enterprise included the following:

 (a) promoting and enhancing the prestige, reputation and position of the Enterprise with respect to rival criminal organizations;

 (b) preserving and protecting the power, territory and criminal ventures of the Enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder;

 (c) keeping victims and rivals in fear of the Enterprise and its members and associates;

 (d) enriching members and associates of the Enterprise through criminal activity, including narcotics and firearms trafficking, production of fraudulent identification documents, sale of counterfeit currency, extortion and other criminal activity for profit;

 (e) ensuring discipline within the Enterprise and compliance with the Enterprise's rules by members and associates through threats of violence and acts of violence; and

 (f) concealing the activities of the Enterprise from law enforcement.

## Means and Methods of the Enterprise

6.      Among the means and methods by which members and associates of 18th Street conducted and participated in the conduct of the affairs of the Enterprise were the following:

(a)     members and associates of 18th Street committed, attempted to commit, conspired to commit and threatened to commit acts of violence, including acts involving murder and assault, to enhance the Enterprise's prestige and to protect and expand the Enterprise's criminal operations;

(b)     members and associates of 18th Street used and threatened to use physical violence against various individuals, including members of rival criminal organizations and 18th Street members and associates believed to have violated the Enterprise's rules; and

(c)     members and associates of 18th Street engaged in narcotics and firearms trafficking, production of fraudulent identification documents, sale of counterfeit currency and extortion as means of obtaining money.

## The Defendants

7.      The defendant FELIX BONILLA RAMOS, also known as "Chabelo" and "Ferras," was a leader of 18th Street and participated in the operation and management of the Enterprise.

8.      The defendants REFUGIO MARTINEZ, also known as "Cuco," MARGARITO ORTEGA, also known as "Pinocchio," ORLANDO RAMIREZ, also known as "Niñote," GERMAN RODRIGUEZ, also known as "Loco," DAVID VASQUEZ CORONA, also known as "Teba," MARCO VIDAL MENDEZ, also known as "Matute," ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and URIEL LOPEZ, also known as "Tanke," were

5

members and associates of 18th Street and participated in the operation and management of the Enterprise.

COUNT ONE
(Racketeering Conspiracy)

9. The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

10. In or about and between 2017 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FELIX BONILLA RAMOS, also known as "Chabelo" and "Ferras," REFUGIO MARTINEZ, also known as "Cuco," MARGARITO ORTEGA, also known as "Pinocchio," ORLANDO RAMIREZ, also known as "Niñote," GERMAN RODRIGUEZ, also known as "Loco," and DAVID VASQUEZ CORONA, also known as "Teba," together with others, being persons employed by and associated with 18th Street, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

11. The pattern of racketeering activity through which the defendants FELIX BONILLA RAMOS, REFUGIO MARTINEZ, MARGARITO ORTEGA, ORLANDO RAMIREZ, GERMAN RODRIGUEZ and DAVID VASQUEZ CORONA, together with others, agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of (a) multiple acts involving murder, chargeable under New York State Penal Law Sections 125.25, 110.00, 105.15 and 20.00; (b) multiple offenses involving narcotics

6

trafficking, in violation of Title 21, United States Code, Sections 841 and 846; and (c) multiple acts indictable under (i) Title 18, United States Code, Section 473 (relating to counterfeiting), (ii) Title 18, United States Code, Section 933 (relating to trafficking in firearms), (iii) Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents), and (iv) Title 18, United States Code, Section 1951 (relating to extortion). It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT TWO
(Assault in Aid of Racketeering – John Doe #1)

12. The allegations set forth in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

13. The 18th Street enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, (a) acts involving murder chargeable under New York State Penal Law and punishable by imprisonment for more than one year; (b) multiple offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846; and (c) multiple acts indictable under (i) Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents) and (ii) Title 18, United States Code, Section 1951 (relating to extortion).

14. On or about December 31, 2021, within the Eastern District of New York and elsewhere, the defendants FELIX BONILLA RAMOS, also known as "Chabelo" and "Ferras," ███████████████████████████ and ORLANDO RAMIREZ, also known as "Niñote," together with others, for the purpose of gaining entrance to,

and maintaining and increasing position in, 18th Street, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #1, an individual whose identity is known to the Grand Jury, with a dangerous weapon, in violation of New York Penal Law Sections 120.05(2) and 20.00, and did knowingly and intentionally assault John Doe #1 resulting in serious bodily injury to John Doe #1, in violation of New York Penal Law Sections 120.05(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

### COUNT THREE
(Assault in Aid of Racketeering – John Doe #2)

15.     The allegations set for in paragraphs one through eight and 13 are realleged and incorporated as if fully set forth in this paragraph.

16.     On or about January 15, 2022, within the Eastern District of New York and elsewhere, the defendants ██████████ URIEL LOPEZ, also known as "Tanke," and ORLANDO RAMIREZ, also known as "Niñote," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, 18th Street, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #2, an individual whose identity is known to the Grand Jury, with a dangerous weapon, in violation of New York Penal Law Sections 120.05(2) and 20.00, and did knowingly and intentionally assault John Doe #2 resulting in serious bodily injury to John Doe #2, in violation of New York Penal Law Sections 120.05(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

8

## COUNT FOUR
(Assault in Aid of Racketeering – John Doe #3)

17. The allegations set for in paragraphs one through eight and 13 are realleged and incorporated as if fully set forth in this paragraph.

18. On or about January 15, 2022, within the Eastern District of New York and elsewhere, the defendants ███████████████████████████ URIEL LOPEZ, also known as "Tanke," and ORLANDO RAMIREZ, also known as "Niñote," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, 18th Street, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #3, an individual whose identity is known to the Grand Jury, with a dangerous weapon, in violation of New York Penal Law Sections 120.05(2) and 20.00, and did knowingly and intentionally assault John Doe #3 resulting in serious bodily injury to John Doe #3, in violation of New York Penal Law Sections 120.05(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT FIVE
(Assault in Aid of Racketeering – John Doe #4)

19. The allegations set for in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

20. The 18th Street enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, (a) acts involving murder chargeable under New York State Penal Law and punishable by imprisonment for more than one year; (b) multiple offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846; and (c) multiple acts indictable under (i) Title 18, United States Code, Section 473 (relating to counterfeiting), (ii)

9

Title 18, United States Code, Section 933 (relating to trafficking in firearms), (iii) Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents), and (iv) Title 18, United States Code, Section 1951 (relating to extortion).

21. On or about June 20, 2024, within the Eastern District of New York and elsewhere, the defendants MARGARITO ORTEGA, also known as "Pinocchio," GERMAN RODRIGUEZ, also known as "Loco," DAVID VASQUEZ CORONA, also known as "Teba," and MARCO VIDAL MENDEZ, also known as "Matute," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, 18th Street, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #4, an individual whose identity is known to the Grand Jury, with a dangerous weapon, in violation of New York Penal Law Sections 120.05(2) and 20.00, and did knowingly and intentionally assault John Doe #4 resulting in serious bodily injury to John Doe #4, in violation of New York Penal Law Sections 120.05(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT SIX
(Alien in Possession of a Firearm)

22. On or about April 25, 2025, within the Eastern District of New York and elsewhere, the defendant DAVID VASQUEZ CORONA, also known as "Teba," together with others, knowing that he was an alien who was illegally and unlawfully in the United States, did knowingly and intentionally possess in and affecting commerce a firearm and ammunition, to wit: a 9mm semiautomatic pistol and ammunition.

(Title 18, United States Code, Sections 922(g)(5)(A), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

23.     The United States hereby gives notice to the defendants charged in Count One that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any person convicted of such offense to forfeit: (a) any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Title 18, United States Code, Section 1962.

24.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT SIX

25.  The United States hereby gives notice to the defendant charged in Count Six that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

26.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK